26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Andrew DAVISON, Defendant-Appellant.
 No. 93-30102.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Andrew Davison appeals his conviction, which followed a jury trial, for first degree murder in violation of 18 U.S.C. Secs. 1111, 1153. Davison claims the district court erred, first, by admitting evidence that he planned to have his niece, an eyewitness for the prosecution, killed and, second, by failing to instruct the jury on voluntary manslaughter and self defense. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Rule 403
 
 
 4
 We review for abuse of discretion a district court's decision to admit evidence under Fed.R.Evid. 403. United States v. Shirley, 884 F.2d 1130, 1132 (9th Cir.1989). "We let jurors see and hear even marginally relevant evidence because we trust them to weigh the evidence appropriately." United States v. Hitt, 981 F.2d 422, 423 (9th Cir.1992). Rule 403 bars evidence that provokes " 'an emotional response in the jury or otherwise tends to affect adversely on the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.' " United States v. Ramirez-Jimenez, 967 F.2d 1321, 1327 (9th Cir.1992) (quoting United States v. Bailleux, 685 F.2d 1105, 1111 (9th Cir.1982)).
 
 
 5
 Here, the district court allowed the testimony of Benjamin Fraire, a police informant, that Davison's sister approached him after Davison was indicted and asked him to "get rid of" Billie Jo Antelope, the only eyewitness to the murder. The district court also permitted the jury to hear a tape recording of a telephone conversation between Fraire and Davison in which Fraire asked, "is it alright what I'm gonna do to that girl?" and Davison replied yes. Davison claims this evidence was more prejudicial than probative. We disagree.
 
 
 6
 While the evidence likely tainted Davison's character in the minds of the jury, it was "prejudicial only to the extent that it tend[ed] to prove the fact justifying its admission." Ramirez-Jimenez, 967 F.2d at 1327. Amid defense testimony that Billie Jo Antelope had perjured herself before the grand jury and had herself confessed to the murder of which her uncle was accused, evidence of the plot to kill her was highly probative of Davison's guilt. See id., 967 F.2d at 1327.
 
 II
 Jury Instructions
 
 7
 Davison contends that the district court should have instructed the jury on the lesser included offense of voluntary manslaughter. We review for plain error because Davison did not request the instruction. See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). "Plain error is 'highly prejudicial error affecting substantial rights[,] and is found only in exceptional circumstances.' " United States v. Ramos, 861 F.2d 228, 230 (9th Cir.1988) (quoting United States v. Harris, 738 F.2d 1068, 1072 (9th Cir.1984)).
 
 
 8
 The district court instructed the jury on the law of first degree murder and the lesser included offense of second degree murder. We are persuaded by the jury's decision to convict Davison of the greater charge that he was not prejudiced by the district court's failure to instruct the jury on voluntary manslaughter. We discern no plain error. See Boone, 951 F.2d at 1541.
 
 
 9
 Davison contends, finally, that the district erred by refusing to instruct the jury on the law of self defense. We review de novo. United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993). A "mere scintilla" of evidence supporting a defendant's theory of the case is not sufficient to warrant an instruction to the jury. Id.
 
 
 10
 A witness at trial testified that Davison had complained he "had a beef" with the victim. The victim's son testified that, when asked why he had killed the victim, Davison responded that the victim had been threatening him. The undisputed evidence, however, showed that Davison, hiding in his car, followed the victim and his friends as they drove around town. When the victim returned home, Davison got a gun and told his aunt to take him to the victim's house. Uninvited, Davison entered, then kicked, struck and repeatedly shot the victim in the ensuing argument.
 
 
 11
 In light of these facts, we uphold the district court's refusal to instruct the jury on the law of self defense. See Morton, 995 F.2d at 437.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3